May it please the court, my name is Bill O'Connor and I represent the appellant Asian American Entertainment Corporation. This case presents the fundamental issue of whether a Nevada federal court sitting in diversity jurisdiction should have under Nevada's choice of law principles applied Macau law. Consistent with the express agreement of the parties, the significant relationship factors and principles of comedy, Macau's substantive law, including its substantive statutes of limitations, govern the claims brought by Asian American. It's a fundamental concept of our jurisprudence that we respect the laws of a foreign country and territory. Here it's not as if Asian American is attempting to rely upon the laws of some jurisdiction with no connection to the parties or the transaction at issue. Are you asking us to disregard Wilcox and to rule that Nevada would no longer apply Wilcox v. Williams? Your Honor, I'm asking, I guess, to consider some factual distinguishing points with respect to Wilcox. Wilcox related to two procedural statutes of limitations. Here we are referencing and looking to Macau's statute of limitations, which are substantive. And as a result, even in Wilcox, the Court acknowledged that there are, of course, exceptions to the general situation. Let me get this under the exception to Wilcox. Yes, Your Honor. Right. That's what your whole thesis is, I take it. That and in addition to the fact that the Macau statute of limitations are substantive, also we think if the Nevada court were to consider this issue, which it hasn't, that it would look to General Motors and the significant relationship factors. Go ahead. I'm sorry. Opposing counsel argues that, well, if we look at General Motors, it relies on restatement second of conflicts and says, you know, use the significant relation test in the restatement unless a more specific section of the second restatement applies to the particular tort claim. And sending us to look at the restatement second of conflicts, it doesn't incorporate the substance issue. It does say you look at the, you know, it's a variation on Lex IV-I, but it doesn't really get to where you want to be. Even if we rely on General Motors, why don't we end up in the same place? Your Honor, I think General Motors really gives a good idea of what the Nevada Supreme Court would do if this exact situation arose. It talks about section 145 of the restatement, and it applies these section 6 factors, which include the justified expectations of the parties. And here I don't think these are sophisticated parties. Two of these defendants were directors of our entity that went out on the eve of the decision and joined another entity with our plans and proceeded. These are sophisticated parties that, I'm sorry? General Motors wasn't looking at the statute of limitations. No, it wasn't. And so all we have is it says we're going to rely on the restatement second of conflicts. And I don't think you have any case saying no, no, you shouldn't, that that's not what the Nevada Supreme Court would do is look to the restatement or Wilcox, either of which seem to get to the same place. Your Honor, I think, I don't think there's a case on either side that is directly on point here. Other than Wilcox. Other than Wilcox. Wilcox is not a. Wilcox tells you basically the thought process that one goes through, doesn't it? Well, but a key distinguishing point here, and a point that the judge acknowledged but refused to analyze below, is that the statute of limitations in Macau is substantive. When you look at why it's substantive, and there's two real issues here. One is, yes, it is relevant. It's highly relevant. What substantive law would apply to the claims that Asian American has brought here? Because I think it's clear, based on the fact that the performance was done in Macau. Isn't the law pretty much established that even if it's substantive, it's the lesser time frame that you're talking about, not the greater period of time? I mean, isn't there a lot of law that supports that? And in any event, as far as the contract is concerned, it talks about incorporating the laws of Macau. It doesn't specifically address statute of limitations issues, and it suffers from lack of specificity, it seems in that respect to me. Your Honor, two points there. The defendants have cited no authority from this circuit or from Nevada that would support the proposition that the shorter limitations period of the forum would apply. There's a lot of other law out there. Nevada hasn't specifically passed upon that, but it seems that, you know, the weight of authority is in that direction. Would you agree? Well, I would not agree. I think we've supplied the Court with Merkel, with Benzac, with Montauk Electric, all of which were cases where they applied the longer non-forum statute of limitations period. And just back to this issue, I think the significant relationship is relevant here. I mean, the parties, this whole agreement was to, for the purpose of AACL operating gaming concessions in Macau. These sophisticated parties say in their agreement the law of Macau shall govern. It's drafted by them. The laws of Macau shall be applicable to and govern this. The statutes that we've proposed, and the Court below didn't even analyze any of this. Instead, he said, hey, yeah, Macau's statute of limitations are substantive, but everybody's got their opinion. That's the extent of the analysis we have. Rule 44.1 of the Federal Rules talks in terms of expert testimony at the summary judgment stage for someone to come in and talk about what the law of a foreign jurisdiction is. Here, Article 39 goes right to the heart of this distinction that courts have made. In the state tax commission versus court in Utah, they imported, Nevada imported the statute. And that's what, respectfully, we think we have here. This Article Section 39 says, talks about how Macau imports other jurisdiction statute of limitations. They view it as substantive. They say the law, this is the law whereby Macau imports the rights. They're not talking about a procedure. This doesn't come out of Macau's Code of Procedure. It comes out of its commercial code. When I looked at the laws where they said, yes, there was a, the statute of limitation was substantive, it looked like there was a specific new cause of action, some new theory of claim, like WICO or whatever, where Congress had included in that a time limit. And they said, well, because they're creating a new right for claimants, including a time limit, it's substantive. But when I looked at the, for example, Article 302 of the Macau Civil Code, instead of what I saw was the normal statute of limitations is 15 years. And so it was a default statute of limitations for all civil claims. It looked quite different than the types of statutes of limitations that had been deemed to be substantive. Can you address that? Yes, Your Honor. I think the distinction that the courts have made, and specifically what they look to, was where a statute of limitations is part of the substantive right rather than merely a procedural requirement, then it should be substantive. And if you look at Article 291 of the Macau Code, this law states the rights shall be barred. Alienable rights shall be barred. When you look again at Article 330, the rights of a company against its shareholders are barred five years from. We think that is even closer to the substantive requirements under the case law than was the tax provision at issue in court. Do you want to reserve the remaining time?  Thank you. May it please the Court. It is undisputed in this case that Asian American Entertainment Corporation knew five years prior to the date they brought this lawsuit all of the facts that are the basis of their claim. That's undisputed. This Court has no factual issues before it. It has two legal issues before it. One, which statute of limitations applies? Two, if Nevada statute of limitations applies, is it a four-year oral contract statute of limitations that applies to the breach of contract claim or a six-year written contract statute of limitations? Could you address the six-year statute of limitations? Why isn't the six-year statute of limitations for written contracts applicable, particularly since any breach occurred during the period of the existence of the written contract? Your Honor, I would, let me start with this. It is Hornbook law, also noted by Nevada in the 1902 case, that Snow case that we've cited, that when you have a written contract that is orally modified, that becomes an oral contract. But none of the cases seem to be similar analogous to this one. I mean, there were significant terms so that if there's a sale of, you know, sale for one price and then the oral modification is the whole sale is at a different price, that extinguishes the written one and you have an oral contract. There's nothing like that in this situation. Well, Judge, what they're trying to do here is trying to get this Court to apply two different statutes of limitations to breach of the same contract. Presumably, they would apply the six-year written contract statute of limitations to breaches of the written portion of the contract and yet apply a four-year contract, oral contract statute of limitations to the pieces that occurred during the oral extension. And what's wrong with that? I mean, what if the parties had entered into a letter agreement saying we hereby agree that for the next two months we're going to have an agreement that incorporates the terms of this prior written agreement? I mean, that's essentially what they did, right? So you have two separate contracts. I'll set aside for a moment the fact that no court that either they found or we found have ever done that. No authority supports that proposition. And move directly to their complaint. When you look at their complaint, it's crystal clear that the breaches that they're alleging occurred after January 15th during the period of the alleged oral extension. I don't think that's so. I think they talk about breaches that happened before the oral extension. The – I would invite counsel to address that when he gets up, because when I read their complaint, everything stems from the announcement on January 22nd by the Public Tender Commission that mergers would be permitted. That's when they say this alleged skullduggery on the part of my clients began by trying to hook up with Gallatin. If we were to disagree and were to conclude that there are allegations of breaches that happened before that one-month extension, oral extension, would you then agree that the 6-year statute of limitations should apply? Your Honor, if you skip the first argument that I had about the entire contract must be considered an oral contract, because that's the only law that supports that, if you get past that and if you conclude that there are breaches alleged that occurred prior to the alleged oral extension. That one-month period. During that, then what I would ask the court to do is make clear in its opinion, because I know that they can't succeed on any claims that don't depend or that occurred after January 15th. The argument doesn't make sense to me. If you have a contract for delivery of goods, for example, on four different occasions and it expires on December 31, 2008, and then there's a question. You've been delivering goods, but there's some question about quality and various other terms and there may have been some breaches. And then on December 31, 2008, you say we're going to extend this contract so additional deliveries may be made through mid-2009. It doesn't make sense to me that all of a sudden the whole contract becomes an oral contract. I mean, that's basically what you're saying is that it takes an existing contract that people have been performing under and then it transforms itself to an oral contract simply because there may be an oral amendment. I just am having some trouble as a logical matter and as a practical matter of how that would work in the business, in the commercial world. The Homar case is probably our best case on the subject. And what it talks about is the reason that the entire contract becomes an oral contract. That was a case where you had a written contract, an oral amendment, and allegations of breach of both the written and the oral. And in that case, the Court said that the entire contract becomes an oral contract. And the reason is because they say the oral version or the oral modification of the written contract is the most recent expression of the party's intentions. And for that reason, instead of treating it as a written contract, you will treat it as an oral contract. I don't think that answers the question. What if there were no oral extension at all here? I'm sorry, Your Honor? If there was no one-month oral extension, let's assume that hypothetical. Okay. They would be able to sue for the underlying breach was extant prior to the oral extension, correct? Yes, Your Honor. So the oral extension does nothing in that regard, but you're telling me somehow magically it destroys their opportunity to sue for the underlying breach. The cases that you cite, I think, are cases where there was a substantive change to the underlying written contract. That was the whole purpose of the oral modification. This is simply an extension. Your Honor, there could be nothing more substantive about this contract than the length of the period. Remember, this was initially signed on October 18th for a period of 27 days. Time was critical here because we knew that the Public Tender Commission, when they were going to announce these licenses. And so initially it was a 27-day contract. And then it was given a very short extension of 60 days. Time was critical here. But I'll go back to the question you asked initially, Judge, which is if there were no problems, and they allege no problems between us as of January 15th. Let me ask you a question.     I see this. For example, I noted down that they state in the complaint, Throughout the tender submission process, which began in December 2001, representatives of SANS and VVD engaged in discussions with the committee and with Macau government officials. While no representative of AAE was present. And they say in their brief that this was a breach. This is the part of the brutal honesty. That's the one they have. You look at everything else, everything else is, but see, one's enough. But one is enough to get that one claim remanded. Correct. Every other claim is barred. We're not here, you know, trying to parse the complaint necessarily as to what survives. To the extent that there's a six-year statute, it seems to me that's for the district court to then figure out what claims are in or out, because then you know what the lay of the land is. And there may or may not be amendments to the complaint. I don't know. But at least on the face of it, isn't there at least one allegation that would fall into the period prior to the amendment? Yes, if the court accepts the proposition that you can apply two different statutes of limitation. Right. Yes. I mean, I'll give the court that. And that's the one allegation. But in Twombly, the United States Supreme Court, in clarifying the 12B6 standard, said the court should, at the earliest opportunity, get rid of claims that have no merit. Okay? So with respect to every other allegation of breach, which clearly occurs during the period of the oral extension, on the face of the complaint, you can see that. Those should be dismissed. And I would ask the court respectfully that the court make clear in its opinion that claims that depend upon the breach of or breach during the period of the oral extension, that those claims are barred by the four-year statute of limitations. That makes sense. If anything did happen where they're trying to use a breach during that one-month period of extension, I guess, you know, you're probably right. But I don't read their complaint like that at all. Do you agree with me that perhaps the district court in its wisdom erred in applying Snow v. Nelson because in that case there was clearly a modification of the underlying contract by reason of the oral agreement? No, not at all, Your Honor. Snow simply reflects the same law. It's Hornbook law. When you have a written contract that's orally modified, every jurisdiction treats that, the entire thing, as an oral contract. I'm not so sure I agree with that. Well, they've cited nothing to the contrary, Your Honor. Not one case. It's not this case. I'm sorry? It's not this case. Snow was not this case. We at least can see that. Factually, Snow was not this case. I agree with that. Okay. Thank you. Thank you, Your Honor. So we'll ask you, do you have any support for the proposition that a written contract that is orally modified somehow for purposes of statute of limitations becomes two different contracts, an oral contract and a written contract? Well, I think here, Your Honor, we had we have alleged, and I think it's clear, that we don't need to approve the oral modification to bring that claim. We think it stands on itself. There are allegations at paragraphs. That's not the question, because the position of your opponents is once the oral modification comes into being, you have an oral contract, not a written contract, and then you're out of luck because you've got four years. So the only way you can survive is if you somehow can bring something within a six-year statute. And the question is, do you have is there a unified oral contract or is there somehow two different contracts? I think, if I can, Your Honor. So my question is, do you have no, I don't want you to I want you to tell me, do you have any support for your proposition that we would apply a six-year statute to the written contract, ignoring the fact that there was an oral modification? Yes. Okay. And what's that? What should we look to? Well, if counsel mentioned Hohmeier, Hohmeier, and I think Your Honor touched on that, that all of these cases talk about whether or not the oral modification was material or essential to the formation of the underlying written agreement. The same with Snowe. I mean, Snowe was an action for specific performance of a mining claim. There the court said there's a decided conflict on almost all material points. We don't have that here. We have an agreement that stands on its own. We have allegations in four or five different paragraphs of this complaint that talk about conduct that they did, where they contacted the government officials, they contacted the ultimate party that they joined with during this time period before any modification occurred. So I don't think that it's material. I don't think it's essential. It's not necessary to proceed here. The Snowe point, which they dwell on in their authorities, has nothing to do with the limitations issues. It was whether or not a writing that followed an oral agreement, and here we have a written agreement with a subsequent oral modification, was sufficient to satisfy the statute of frauds, and they said no, it wasn't. And they found all kinds of misrepresentations by the plaintiff at the trial of the matter. Thank you. Thank you. Case just argued and submitted. Thank counsel for their arguments. Asian American versus Las Vegas Sands.
judges: McKeown, Ikuta, Block